232 A.2d 360.

RICHARD P. SULLIVAN *vs.* JAMES F. HOEY, JR.

JULY 24, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J. This is an appeal from a decree entered in this cause by the superior court wherein the defendant, one of the partners of The Airadyne Company, now in receivership, was ordered "* * * to turn over to Francis J. O'Brien, Esquire, the Receiver of The Airadyne Company, the sum of Ten Thousand Six Hundred ($10,600) Dollars, as funds belonging to the said Receiver of The Airadyne Company, on or before Sept. 1, 1966."

It is not disputed that in 1961 plaintiff Sullivan and defendant Hoey, partners of Airadyne, signed a check drawn against the account of Airadyne in the First National Bank of Boston in the amount of $10,000. Neither is it disputed that this check was delivered to Hoey, who in turn delivered it to one Edward J. Samp, Jr., of the Massachusetts Bar, to be held by him in escrow. Samp deposited this check in his clients' account. In June, 1964 the fund, having been increased by the amount of $600 in interest, was paid over by Samp to Hoey in the amount of $8,600, Samp retaining the $2,000 balance as a legal fee. The court thereafter, at the receiver's petition, issued an order directing Hoey to show cause why he should not be directed to pay over the fund to the receiver. It is from the court's order directing such payment to the receiver that the present appeal is being prosecuted.

There was a substantial conflict in the evidence on the issue of the entitlement of the receiver to the fund held by Samp. On such evidence the trial justice found that "* * * the sole purpose for which the check was drawn was to protect partnership funds from being attached by Mrs. Sullivan," who, it appears from the record, is the former wife of plaintiff Sullivan. On this finding the court rested the conclusion that the fund was the property of the partnership and that, as a matter of law, the receiver was en-

titled to recover the same. It is clear from a study of the record that this finding of ultimate fact was based primarily on the rejection by the trial justice of the credibility of the testimony of Hoey, which was contradictory of that adduced through plaintiff Sullivan.

The defendant does not dispute that under the applicable law the receiver is entitled to the property of the partnership, but argues vigorously that the trial justice erred in finding that the fund was partnership property. In *Chase* v. *Almardon Mills, Inc.*, 97 R. I. 63, 67, 196 A.2d 141, 144, we said: "Conclusions reached by a trial justice as to credibility ordinarily will be given substantial weight by this court, and unless the transcript discloses matters which tend to show that his judgment as to credibility was erroneous we will not disturb his decision. *Dockery* v. *Greenfield*, 86 R. I. 464. This rule reflects our recognition that the trial justice has the substantial advantage in an exercise of the fact-finding power of observing witnesses testify and in such circumstances his conclusions as to credibility ought to stand unless he was clearly wrong, or, as we stated in *Loughran* v *DelSanto*, 79 R. I. 150, 155, 'unless there is something in the record which clearly shows that he was mistaken in his judgment of the credibility of the witnesses.' "

The defendant, in attempting to meet the burden of showing that the trial justice was clearly wrong in denying him credence, argues vigorously, first, that many of the uncontradicted facts adverted to by the trial justice in denying credibility to him were not in fact contradictory of his testimony and, second, that the conflicting evidence reflected as much on Sullivan's credibility as on his.

What defendant is really arguing is that much of the evidence in conflict here was susceptible of inferences other than those drawn by the trial justice therefrom. In our opinion, however, the inferences that the trial justice did

draw were reasonable and valid. As we said in *Labbe* v. *Hill Brothers, Inc.,* 97 R. I. 269, 275, 197 A.2d 305, 309: "* * * the mere existence of contrary inferences in which probability inheres is not controlling on the acceptance by the trial justice of one of such inferences as probative of the fact in issue." In our opinion, this is precisely what the trial justice did in the instant case, and we perceive no error inhering therein. We have carefully scrutinized the transcript and come to the conclusion both that there is competent evidence in the record that would sustain the findings of the trial justice, and that his decision based on such findings should stand.

The defendant's appeal is denied and dismissed, and the decree appealed from is affirmed.

*Francis J. O'Brien, Esquire,* Receiver of The Airadyne Company, for plaintiff.

*Edward W. Day, Jr.,* for defendant.